COMMONWEALTH vs. HENRY T. COATES.

Worcester. October 9, 1897. — October 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*License of Dog — Statute — Allegations of Complaint — Evidence.*

If one at any time keeps a dog which is not registered, numbered, described, and licensed under Pub. Sts. c. 102, § 80, he is subject to a penalty under § 87 of that statute; and, if the complaint charges such a keeping, it is not necessary to go further in the averments and set forth the particular time when such keeping began. As a matter of pleading, the general averment negativing registration, etc., according to the statute, is sufficient.

Where, on a complaint for keeping a dog in violation of Pub. Sts. c. 102, § 80, on May 1, 1897, and on divers other days and times between that day and July 19, 1897, it being the defendant's duty under the statute to have the dog registered on or before the 30th day of April, the court said, the defendant having suggested that evidence of keepership outside of the time alleged could not be considered, that no such question appeared to be raised at the trial, but that the evidence was clearly competent in order to show that he was not authorized to keep the dog on the first day of May for want of a license previously obtained.

COMPLAINT, for keeping an unlicensed dog. The complaint alleged " that Henry T. Coates of Leominster in said county of Worcester on the first day of May in the year of our Lord one thousand eight hundred and ninety-seven at Leominster in said county of Worcester and on divers other days and times between that day and the nineteenth day of July, A. D. 1897, at said Leominster unlawfully did keep a certain male dog, said dog not being then and there registered, numbered, described, and licensed according to law, said dog being then and there a dog more than three months old, against the peace of the said Commonwealth, and the form of the statute in such cases made and provided."

The defendant, before the impanelling of the jury in the Superior Court, filed a motion to quash the complaint, on the ground that no acts are set forth therein which constitute a crime in that it alleges that the defendant kept a dog on the 1st day of May, 1897, and divers other days between said 1st day of May and the 19th day of July, 1897, when it should have set forth that he kept said dog on or before the 30th day of April, 1897. The motion was overruled, and the defendant excepted.

At the trial, before *Blodgett,* J., there was evidence tending to show that the defendant was the owner and keeper of a dog previous to May 1, 1897, which he had licensed by a license which expired on April 30, 1897. He continued the owner and keeper of the dog, but took out no new license for the year expiring April 30, 1898, until July 20, 1897. The complaint was made on July 19, 1897. The judge instructed the jury that, if they found the facts to be as above stated, the evidence would warrant the conviction of the defendant; and the defendant excepted. The defendant requested the judge to instruct the jury that, if they should "find that the defendant did keep an unlicensed dog on the days alleged in the complaint, namely, May 1, 1897, and on subsequent days until the 19th day of July, 1897, the defendant nevertheless is not guilty of committing any crime, and cannot be found guilty." The judge refused so to rule, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. E. Tupper,* for the defendant.

*H. Parker,* District Attorney, & *G. S. Taft,* Assistant District Attorney, for the Commonwealth.

ALLEN, J. The motion to quash was rightly overruled. It was not necessary to charge the keeping of the dog on or before the 30th day of April. If one at any time keeps a dog which is not registered, numbered, described, and licensed according to law, he is subject to a penalty. Pub. Sts. c. 102, §§ 80, 87. The complaint charged such a keeping, and it was not necessary to go further in the averments, and set forth the particular time when such keeping began. As a matter of pleading, the general averment negativing registration, etc., according to law, was sufficient. *Commonwealth* v. *Thompson,* 2 Allen, 507. See also *Commonwealth* v. *Palmer,* 134 Mass. 537. Very many decisions under the statutes relating to intoxicating liquors are to a similar effect.

It appeared that the defendant was the owner and keeper of the dog before the 1st day of May. It was therefore his duty to have the dog registered on or before the 30th day of April. The defendant now suggests that evidence of keepership outside of the time alleged cannot be considered. No such question appears to have been raised at the trial; but the evidence was clearly

competent in order to show that he was not authorized to keep the dog on the 1st day of May, for want of a license previously obtained.

We have no occasion to consider whether an unlicensed dog bought on the 1st day of May must be registered and licensed before the 30th of the ensuing April.

*Exceptions overruled.*