COMMONWEALTH *vs.* EMIL WERMOUTH.

Norfolk.    March 20, 1899. — July 1, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Keeping Unlicensed Dog — Plea of Former Acquittal — Burden of Proof — Evidence — Law and Fact.*

The plea of a former acquittal of the same offence to a complaint for keeping an unlicensed dog, and a replication alleging that there is no such record of an acquittal, put in issue the question whether the defendant formerly has been tried for keeping the dog which he is complained of in the present case for keeping and has been acquitted, and the replication must be understood as traversing the issue thus tendered and not merely as raising the question whether there is a record of an acquittal of keeping some dog.

The burden of proving a former acquittal of the offence charged against a defendant is upon him, and a finding of the jury that the offence with which he is charged is not the same offence of which he was acquitted, must be regarded as settling the matter and as requiring that the plea of former acquittal should be overruled.

At the trial of a complaint for keeping an unlicensed dog, evidence is not incom-

petent because it tends to show that the defendant was keeping more dogs than he is charged with keeping.

A delay by the keeper of a dog of nine days after receiving him in procuring the license required by Pub. Sts. c. 102, § 81, is, as matter of law, an unreasonable delay ; and at the trial of a complaint for keeping an unlicensed dog, he is not entitled to have the jury instructed that, if he applied for and obtained a license within a reasonable time after becoming the owner of the dog, he should be acquitted.

COMPLAINT to the District Court of East Norfolk, for keeping an unlicensed dog, at Weymouth, on August 24, 1898. Trial in the Superior Court, on appeal, before *Sherman*, J., who reported the case for the determination of this court, in substance as follows.

The defendant filed a plea in bar, alleging a former acquittal of the same offence, and " that the offence charged in said complaint (the former complaint) was the same offence as is charged in this complaint," to which plea the government filed a replication denying the record of such supposed acquittal, whereupon issue was joined and tried by a jury.

The defendant put in evidence a certified copy of a complaint charging him with keeping an unlicensed dog at Weymouth on August 24, 1898, and the record of the trial and acquittal of the defendant upon such charge before the District Court of East Norfolk, on September 19, 1898.

The defendant called as a witness George B. Bailey, who testified that he was a constable of Weymouth and the complainant in this case; that the defendant in this case and the defendant named in the complaint and record of acquittal introduced in evidence were one and the same person ; and that he was present at the District Court of East Norfolk and saw the defendant tried, found not guilty and discharged. On cross-examination, the witness testified, subject to the objection and exception of the defendant, that he was the complainant in three cases, each charging the defendant with keeping an unlicensed dog, at Weymouth, on August 24, 1898 ; that on that day the witness visited the premises of the defendant at Weymouth and there saw three dogs, and was told by the defendant that he kept three dogs; that the defendant was acquitted upon two of the complaints and convicted upon one and appealed ; and that he was unable to identify or describe the dogs, or to state which

dog the defendant was convicted of keeping, or which dogs he was acquitted of keeping.

Upon the foregoing pleadings and evidence the defendant requested the judge to rule, that if the defendant, upon any evidence that might have been produced, could have been convicted at the trial of the complaint, on which he was found not guilty, of the offence that is charged in the complaint on trial, the plea in bar must be sustained and the defendant discharged. But the judge refused so to rule; and the defendant excepted.

The judge ruled that the defendant had been acquitted of keeping some dogs; that the burden was upon him to satisfy the jury, by a fair preponderance of evidence, that he was acquitted of keeping the same dog which the District Court found was kept unlawfully; and that the burden was upon him to show that this was the same dog of which he was acquitted of keeping. The defendant excepted.

The judge submitted to the jury the question, " Is the offence with which the defendant is charged the same offence of which he was acquitted ? " The jury answered " No "; whereupon the judge overruled the plea in bar; and the defendant excepted.

A general plea of not guilty was then entered, and the defendant placed at the bar for trial.

Bailey, called as a witness by the government, testified again that on August 24, 1898, he visited the premises of the defendant; and subject to the objection and exception of the defendant, that the defendant then said he had four male dogs, one of which was a pup; and that the witness saw three dogs on the defendant's premises.

Charles H. Lovell, called as a witness by the government, testified, subject to the defendant's objection and exception, that during the time from July to September 30, 1898, the defendant had on his premises " half a dozen, more or less," of dogs.

The defendant testified that he moved to Weymouth from Boston on August 1, 1898, expecting to run a hotel there during the summer and to return to Boston in the fall; that on August 15, he received three dogs from New Hampshire, and kept them until after the date of the complaint; that on August 24, he had some conversation with the complainant, in which he ad-

mitted keeping the dogs, and said he would have the licenses transferred to Weymouth; that on August 25, he applied for licenses for the dogs, in Boston, at the police station of the district in which he had previously resided, and to which he expected to return; that he obtained the licenses on August 30, and had them in his pocket when arrested on September 13, and had them transferred and recorded in the town clerk's office in Weymouth on the day of his trial in the District Court; and that on August 24, the dogs were not licensed in the Commonwealth, having then been here nine days. There was no evidence of the identity of either of the three dogs.

The defendant requested the judge to rule as follows: "1. Upon all the evidence the government has failed to prove the defendant guilty of the crime charged, and he must be acquitted. 2. If the defendant became the owner or keeper of the dog in question after May 1, 1898, and applied within a reasonable time for a license for the dog, and subsequently obtained such license, and within thirty days from the time the defendant took the dog to Weymouth he caused the license to be recorded in the town clerk's office in Weymouth, he must be acquitted. 3. If the defendant became the owner or keeper of the dog in question after May 1, 1898, and within a reasonable time applied for and obtained a license for the dog, and caused the license to be recorded in Weymouth as required by law, the defendant must be acquitted."

But the judge refused to rule as requested; and the defendant excepted. The judge ruled that the burden of proof was on the government to prove all material facts beyond a reasonable doubt; and that if the defendant became the owner and keeper of the dog in question on August 15, 1898, and the dog was not licensed until after August 24, 1898, and the dog was the same for keeping which the defendant was convicted in the District Court, that would authorize the jury to find the defendant guilty.

The jury returned a verdict of guilty. If any of the rulings were erroneous, the verdict was to be set aside; otherwise, the verdict was to stand.

*C. W. Rowley*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.

MORTON, J. The defendant pleaded in bar a former trial and acquittal of the same offence for which the complaint in this case was made. The Commonwealth replied, saying that there was no such record of a former acquittal as the defendant had alleged. The effect of the plea and replication was to put in issue the question whether the defendant formerly had been tried for keeping the dog which he was complained of in this case for keeping and had been acquitted. The plea alleged " that the offence charged in said complaint (the former complaint) was the same offence as is charged in this complaint." And the replication must be understood as traversing the issue thus tendered, and not merely as raising the question whether there was a record of an acquittal of keeping some dog.

The burden was on the defendant to show a former acquittal (*Commonwealth* v. *Daley*, 4 Gray, 209); and the verdict of the jury must be regarded as settling the matter and as requiring that the plea should be overruled.

The testimony of Bailey and Lovell was admissible. It was not incompetent because it tended to show that the defendant was keeping more dogs than he was charged with keeping. He could only be convicted under the complaint of keeping one dog.

There was testimony tending to show that on August 15 the defendant became the keeper of three dogs that were not licensed. Pub. Sts. c. 102, § 81, as we construe it, requires a person becoming the keeper after the first day of May of a dog not licensed to cause it to be registered, numbered, described, and licensed on becoming such keeper. The testimony tended to show that the defendant did not procure licenses till August 25, nine days after he received the dogs. Assuming without deciding that he was entitled to a reasonable time after receiving them in which to procure licenses, we think that as matter of law this was an unreasonable delay, and that the instructions which were requested were therefore rightly refused. In *Commonwealth* v. *Brimblecom*, 4 Allen, 584, relied on by the defendant, it was decided that, as the law then stood, a person who did not become the keeper of a dog till after the 30th of April in one year was not required to have it licensed before the 30th of the next April, and St. 1867, c. 130, § 2, now incorporated in Pub. Sts. c. 102, § 81, probably was passed to remedy the

defect that was thus shown to exist. The question now raised was not before the court in *Commonwealth* v. *Coates*, 169 Mass. 354, and was not considered.                    *Exceptions overruled.*